UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| IN RE: STEVEN D. SMITH | ) | CASE NO. 1:17CV2677 |
| and TONYA M. SMITH, | ) | |
| Appellants. | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Notice of Appeal (ECF DKT #1) of Debtor-Appellants, Steven D. Smith and Tonya M. Smith. For the following reasons, the above-captioned Appeal from Orders of the United States Bankruptcy Court for the Northern District of Ohio is dismissed and the Appellants' Motion for Stay Pending Appeal (ECF DKT #8) is denied as moot.

**I. BACKGROUND**

The underlying Chapter 7 Proceeding (Case No. 17-10766) was filed on February 15, 2017. On May 1, 2017, a Motion to Dismiss was filed on behalf of Debtor Steven Smith, stating that Debtor mistakenly thought his prior discharge was in 2009 when it was actually in

2010.  Due to repeated filing deficiencies on Debtors' counsel's part, the Motion was not set for hearing until October 31, 2017.  In the meantime, both Debtors completed their required financial management course and a Discharge Order for both Debtors was automatically generated on August 30, 2017.  Due to the pending dismissal motion, the Bankruptcy Court *sua sponte* vacated the discharge on September 6, 2017 as erroneously entered.

On October 25, 2017, Debtor Tonya Smith filed a Motion to Reinstate the Discharge.  The Bankruptcy Court, however, noticed counsel with two filing deficiencies.  An Amended Motion was filed on November 6, 2017.  That Motion was also non-compliant.  However, on December 8, 2017, an Order discharging only Joint Debtor Tonya M. Smith was entered.

Counsel moved for a continuance of the October 31, 2017 Hearing because of a trial conflict.  Consequently, the Hearing on Steven Smith's Motion to Dismiss was continued to December 5, 2017.  On December 5, 2017, an attorney other than Geoffrey Oglesby appeared for Debtor but lacked sufficient knowledge about the timing of the case filing.  Once again, the Hearing was continued until December 19, 2017.  On December 7, 2017, the Bankruptcy Court issued an Order requiring Debtor's Counsel to appear and show cause at the December 19, 2017 Hearing why the fees paid by Debtors should not be disgorged and refunded for inadequate representation.

On December 19, 2017, Debtors filed a Motion to Reconsider, reinstate Steven Smith's discharge and dismiss the Show Cause Order.

At the Hearing held on December 19, 2017, Attorney Oglesby explained that Steven Smith was mistaken regarding the date of his prior bankruptcy discharge.  Also, Attorney Oglesby admitted that he failed to check the Pacer system himself to verify when his client

received a discharge. Attorney Oglesby informed the Bankruptcy Court that the Debtors paid him $750.00 in attorney's fees.

The Bankruptcy Judge found as follows:

> Mr. Smith did not receive a benefit from the services rendered by Counsel commensurate with the fees charged in this case. Counsel, not Debtor, was responsible for determining whether the timing for filing of this case was appropriate. Further it took five months for the Motion to Dismiss to be considered by the court because of improper noticing by counsel and the failure to timely submit an order on the Motion. The case for Mr. Smith should
> not have been filed and when counsel discovered his error, it should not have taken more than 5 months to prosecute the motion to correct that error. Accordingly, the fees paid by Debtors exceed the value of services provided and Mr. Oglesby is hereby ordered to refund $375.00 to the Debtors by January 31, 2018. See 11 U.S.C. § 329(b)(2). He is further ordered to file a certification with the Court regarding compliance with this Order by February 2, 2018. Failure to do so may result in additional sanctions, including, but not limited to, additional monetary sanctions, suspension of ECF filing privileges and referral for appropriate disciplinary action.

On December 22, 2017, the instant Notice of Appeal and Statement of Election (ECF DKT #1) was filed in this Court. The subject of the Appeal is described as "Judgement vacating the discharge and ordering the return of funds in contempt." Debtor Steven Smith argues that: "All those in a position to object were put on notice that Mr. Smith had filed within the eight-year period, however no one objected to the discharge. The court lacked the ability to vacate the discharge." Further: "Since there was no cause to disgorge fees, we request that order also be vacated." (Appellant's Brief, ECF DKT #4 at 5, 8).

## II. LAW AND ANALYSIS

**Standard of Review**

In reviewing a bankruptcy proceeding, the district court reviews the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions of law *de novo*.

*Wesbanco Bank Barnesville v. Rafoth* (*In re Baker & Getty Fin. Servs., Inc.*), 106 F.3d 1255, 1259 (6th Cir. 1997). "Only where there is the 'most cogent evidence of mistake or miscarriage of justice' may the district court disturb a factual finding made by the bankruptcy court." *In the Matter of MCI, Inc.*, 151 B.R. 103, 106 (E.D. Mich, Southern Division Oct. 27, 1992), quoting *In re Caldwell*, 851 F.2d 852 (6th Cir. 1988).

**Bankruptcy Discharge**

11 U.S.C. § 727(a)(8) recites in pertinent part: "The court shall grant the debtor a discharge, unless –

. . . the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14,371 or 476 of the Bankruptcy Act, in a case commenced within 8 years before the date of the filing of the petition."

**Notice of Appeal**

"[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed.R.Bankr.P. 8002(a). "Compliance with the [14-day] filing rule is a jurisdictional requirement." *In re Crider*, 205 F.3d 1339 (6th Cir. 2000). "Cases interpreting Rule 8002 hold that it shall be strictly construed and that failure to timely file is a jurisdictional [requirement] that precludes a district court from reaching the merits." *Willis v. Sicherman*, 904 F.2d 709 (6th Cir. Jun. 11, 1990) (unpublished table decision); *see also Walker v. Bank of Cadiz* (*In re LBL Sports Center, Inc.*), 684 F.2d 410, 412 (6th Cir. 1982) (" [A] district court lacks jurisdiction over an appeal that is not timely filed pursuant to Rule [8002(a)]").

**Steven Smith's Discharge**

An Order of Discharge was entered as to Debtor Steven Smith on August 30, 2017. On September 6, 2017, the Bankruptcy Court entered the following: "IT IS ORDERED that the order entered on August 30, 2017 as document number 40 is hereby vacated as it was entered in error."

Pursuant to Fed.R.Bankr.P. 8002(a), a notice of appeal must be filed with the Bankruptcy Court Clerk within 14 days of the date of entry of the order appealed from. A Notice of Appeal regarding the Order Vacating Discharge was filed in Bankruptcy Court Case No. 17-10766 on December 19, 2017. That is 104 days after the Order being appealed.

This Court is precluded from reaching the merits of whether Steven Smith was eligible for a discharge because the untimely appeal deprives the Court of jurisdiction. *Schwab Industries, Incorporated v. Huntington National Bank*, 679 F.App'x 397 (6th Cir. 2017).

**Order for Disgorgement of Fees**

On December 21, 2017, the Bankruptcy Court entered an Order requiring Attorney Geoffrey Oglesby to refund $375.00 in fees paid by Debtors because the Bankruptcy Court found the fees exceeded the value of the services provided. In this instance, the Notice of Appeal is timely.

In the Brief of Appellant (ECF DKT #4), Debtor asserts that he "was charge [sic] $750 for his bankruptcy and received excellent representation. Were it not for the Court's mistake, his discharge would still be effective. His fees were minimal, and his counsel's services exceeded the fees paid." *Id*. at 7.

As previously noted, the Court lacks jurisdiction to consider the effectiveness of

-5-

Steven Smith's discharge.  However, the Court has the authority to review the docket, the Orders and the briefing submitted and to ascertain whether the Bankruptcy Court's finding that the legal services provided by Attorney Oglesby were inadequate is erroneous.

Between May 1, 2017 and December 21, 2017, the Court finds that Attorney Oglesby received eleven Notices of Filing Deficiencies.  Most recently, on April 4, 2018, Debtors filed a Motion to Stay Pending Appeal in the Bankruptcy Court.  In the Order denying the relief requested, the Bankruptcy Court noted:  "Debtors' Counsel was issued four Notices for Filing Deficiencies in regards to this Motion which have not been addressed. . . . Notwithstanding the failure to correct the deficiencies, the Court has considered the Motion, and it is denied." (ECF DKT #8, Exhibit A).

The Bankruptcy Court found that the numerous procedural failures caused an inordinate delay in the proceedings.  Moreover, the Bankruptcy Court found that it was Attorney Oglesby's obligation to determine when his client was granted a previous discharge before filing the Chapter 7 petition on Steven Smith's behalf.

The district court reviews findings of fact for clear error.  *Wesbanco*, 106 F.3d at 1259.
This Court finds that the Bankruptcy Judge's findings were not erroneous.  There is no cogent evidence of mistake nor any miscarriage of justice apparent in the decision to order disgorgement of fees.  *See In re Caldwell*, 851 F.2d at 852.  Attorney Oglesby should have determined Steven Smith's eligibility for discharge prior to instituting the underlying Chapter 7 proceedings on his behalf by researching bankruptcy filings on the Pacer system.  Counsel acknowledged that Steven Smith received a discharge in 2010 (less than 8 years prior to this

petition) when he filed the Motion to Dismiss on May 1, 2017. Yet, through a lengthy series of missteps on the part of Debtors' Counsel, the Bankruptcy Court could not hold a hearing to address that mistake for months. There is no clear error in finding that Debtors did not receive "excellent representation." Rather, the Court agrees that the services rendered by counsel were not commensurate with the fees Debtors were charged. Furthermore, the Bankruptcy Court did not abuse its discretion in ordering the refund of attorney's fees paid by Debtor Steven Smith.

### III. CONCLUSION

For these reasons, the Appeal of the Order Vacating Discharge is dismissed for want of jurisdiction, the Appeal of the Order Requiring Counsel to Disgorge Fees is dismissed as without merit and the Motion for Stay Pending Appeal (ECF DKT #8) is denied as moot.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: April 25, 2018**